UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA CORRAL, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>NATIONSTAR MORTGAGE LLC, et al.,<br><br>  Defendants. | Case No. 16-cv-00964-EMC<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**<br><br>Docket No. 2 |

On February 26, 2016, Plaintiffs Esperanza Corral and Diana Balgas moved ex parte for a temporary restraining order (TRO) restraining and enjoining Defendants Nationstar Mortgage LLC, Wells Fargo Bank, N.A., and Bank of America, N.A. from foreclosing on Plaintiffs' residential home, scheduled for February 29, 2016. Docket No. 2 (TRO App.). For the reasons discussed below, the Court **DENIES** Plaintiffs' motion for a TRO.

First, Plaintiffs fail to satisfy Local Rule 65-1(b), which requires that "counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Here, Plaintiffs provide no evidence that they have served the TRO or the Complaint on Defendants, and provide no justification for why they could not provide the requisite notice to opposing counsel. Instead, Plaintiffs filed their application in the late afternoon, on the Friday before the foreclosure sale is to take place. Plaintiffs have wholly failed to allege specific facts demonstrating when they became aware of the foreclosure sale date and why they could not have pursued injunctive relief before this late date. In fact, many of the allegations in the complaint strongly suggest that Plaintiffs were long-aware of the alleged discrimination, as Plaintiffs allege that they have been attempting to obtain a loan modification since 2009, and were "frequently" subject to discriminatory behavior. *See* Docket No. 1 (Compl.) at ¶¶ 17, 20. Plaintiffs' failure to

adequately explain this last-minute request for emergency relief further requires that their request be denied. *See Purugan v. HSBC Bank USA, Nat'l Ass'n*, No. C-12-5168-SBA, 2012 U.S. Dist. LEXIS 146539, at *1 (N.D. Cal. Oct. 10, 2012) ("Plaintiffs offer no explanation why they waited until only a week before the sale date to seek a TRO without notice. As such, any exigency is of Plaintiff's own making.").

Second, Plaintiffs do not satisfy the requirements for a temporary restraining order. "'A plaintiff seeking a [TRO] must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Network Automation, Inc. v. Advanced Sys. Concepts*, 638 F.3d 1137, 1144 (9th Cir. 2011) (quoting *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7 (2008)). Here, Plaintiffs have failed to show a likelihood of success, as their complaint makes only limited allegations of discrimination based on race and sexual orientation.[1] Compl. at ¶¶ 20-22. Plaintiffs provide no specific facts or instances of discrimination, or even explain which of the Defendants engaged in the alleged discriminatory behavior. Plaintiffs also allege no facts demonstrating disparate impact, such as their qualifications for a loan. *See Merritt v. Countrywide Fin. Corp.*, Case No. 09-cv-1179-BLF, 2015 U.S. Dist. LEXIS 125284, at *58-59 (N.D. Cal. Sept. 17, 2015) (dismissing discrimination claims under the Fair Housing Act and Equal Opportunity Credit Act because to show disparate treatment, Plaintiffs must allege facts establishing that they were qualified for a loan, which they had failed to do). The lack of any specific facts in the instant complaint does not satisfy the federal pleading standards, which requires that a complaint allege sufficient facts to support a cognizable legal theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs' TRO motion fares no better; it simply recites these bare-bone facts, with no additional support. Such bare facts suggest that Plaintiffs do not have a serious claim of discrimination that warrants a TRO.

///

///

---

[1] Plaintiffs make no allegations of discrimination based on gender, despite alleging that Defendants engaged in gender discrimination.

For these reasons, the Court **DENIES** Plaintiffs' motion for a temporary restraining order. This order is without prejudice for a motion for a preliminary injunction, properly served on Defendants.

**IT IS SO ORDERED**.

Dated: February 26, 2016

_____
EDWARD M. CHEN
United States District Judge

3