UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPERANZA CORRAL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Case No. 16-cv-00964-EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 46 |

## I. INTRODUCTION

Plaintiffs Esperanza Corral and Diana Balgas brought the instant action against Defendants Countrywide Home Loans, Nationstar Mortgage LLC, and Wells Fargo Bank, N.A., alleging that Defendants discriminated against Plaintiffs in rejecting their "attempt[s] to satisfactorily modify their loans, instead offering them unsustainably high modification rates and terms." Docket No. 36 (First Amended Complaint) (FAC) at ¶ 15. Plaintiffs believe that Defendants discriminated against them on the basis of sexual orientation, gender, and race. *Id.* at ¶ 16. Based on these actions, Plaintiffs have brought six causes of action: (1) discrimination in violation of the Fair Housing Act (FHA); (2) discrimination in violation of the Equal Opportunity Credit Act (EOCA); (3) discrimination in violation of California's Fair Employment and Housing Act (FEHA); (4) violation of California's Unfair Competition Law (UCL); (5) discrimination in violation of California's Unruh Civil Rights Act; and (6) violation of California's Homeowner Bill of Rights (HBOR). *Id.* at 5-9. Defendants now move to dismiss the complaint with prejudice. Docket No. 46 (Mot.).

Defendants' motion came on for hearing before this Court on July 21, 2016. For the reasons stated below, the Court **GRANTS** Defendants' motion to dismiss, but without prejudice.

## II. BACKGROUND

Plaintiffs are "a lesbian couple of Latina descent," who own five properties in Alameda County, California. FAC at ¶ 14. Plaintiffs allege that beginning in 2009 and until the present, they "made numerous attempts to retain sustainable loan modifications for their properties." *Id.* at ¶ 15. However, Defendants "inexplicably rejected the Plaintiffs' every attempt to satisfactorily modify their loans, instead offering them unsustainably high modification rates and terms." *Id.* These terms included "higher payments than Plaintiffs we remaking under their original loans or slightly lower rates with severe compound interest charges and impossibly large balloon payments." *Id.* at ¶ 16. Plaintiffs believe that Defendants did this because Plaintiffs "are 'different,' specifically, because of their sexual orientation, gender[,] and race." *Id.* at ¶ 17. "Countrywide Home Loans in particular discriminated against them on the basis of their being Latinas." *Id.* at ¶ 21. Plaintiffs provide no examples of discriminatory behavior or specific reasons why they believe Defendants were discriminating against them, beyond their belief that Defendants' loan modification approval rates and loan home mortgage refinancing rates were not as favorable as they would be for heterosexual and white couples. *Id.* at ¶¶ 22-26.[1]

Plaintiffs also allege that Nationstar and Wells Fargo violated their rights under California's HBOR by failing to assign a single point of contact for a loan modification on their primary residence. *Id.* at ¶ 18. Plaintiffs allege that around February 2015, Nationstar assigned Gi-Hahn El-Bourini to oversee their loan modification process but never contacted Plaintiffs, despite Plaintiffs making almost 75 calls and voicemail messages trying to get in contact with her. *Id.* at ¶ 19. Instead, Plaintiffs dealt with customer service representatives who were unfamiliar with their case and had no authority to make decisions in regard to their loan modification. *Id.* While Plaintiffs were told by these representatives that their information would be passed on to Ms. El-Bourini, they allege that the information was not passed on. *Id.* at ¶ 20.

---

[1] In their original complaint, Plaintiffs alleged that Defendants frequently engaged in discriminatory behavior by misspelling and mispronouncing their names, would try to get Spanish-speaking employees and agents to contact them, would be surprised that Plaintiffs did not "sound Spanish," and would ask Plaintiff Corral whether she had a husband before becoming uncomfortable and abrupt when she told them that she had a domestic partner. Docket No. 1 at ¶¶ 20-22. All of these facts were removed from the First Amended Complaint.

2

1    Plaintiffs then filed the instant suit in February 2016.[2] Docket No. 1. Plaintiffs also
2    moved for a temporary restraining order (TRO) to enjoin Defendants from foreclosing on their
3    residential home. Docket No. 2. The Court denied the TRO application, on the grounds that: (1)
4    Plaintiffs failed to notify opposing counsel of the TRO application; (2) Plaintiffs had failed to
5    show a likelihood of success because they made only limited allegations of discrimination based
6    on race and sexual discrimination, without providing specific facts or instances or explaining
7    which of the Defendants engaged in the alleged discriminatory behavior; and (3) Plaintiffs failed
8    to allege facts demonstrating disparate treatment, such as their qualifications for a loan. Docket
9    No. 7 at 2. In March 2016, Plaintiffs filed another complaint in Alameda County Superior Court,
10   also alleging that Defendants discriminated in providing them loan modifications. Case No. 16-
11   cv-2215, Docket No. 1-1. Plaintiffs' state complaint was separately removed by both Defendants
12   and JP Morgan Chase. *See* Case No. 16-cv-2235, Docket No. 1. After the cases were assigned to
13   this Court, the three cases were consolidated. Docket No. 29. Plaintiffs subsequently filed an
14   amended complaint and dismissed Bank of America and Chase as defendants on May 26, 2016,
15   and dismissed Countrywide as a defendant on June 6, 2016. Docket Nos. 37, 40.

### III.   DISCUSSION

A.   Standard of Review

Defendants move for a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) allows for dismissal based on a failure to state a claim for relief. A motion to dismiss based on this rule essentially challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). In considering a Rule 12(b)(6) motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual

---

[2] This appears to be the tenth case filed by Plaintiffs since 2013 regarding their loans, including one case that was dismissed by this Court with prejudice. *See Corral v. Select Portfolio Servicing, Inc.*, No. C-15-1542 EMC, 2015 U.S. Dist. LEXIS 89374 (N.D. Cal. July 9, 2015).

3

1 allegations . . . it must plead 'enough facts to state a claim of relief that is plausible on its face.'"
2 *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atl. Corp. v.*
3 *Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads
4 factual content that allows the court to draw the reasonable inference that the defendant is liable
5 for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Twombly*, 550
6 U.S. at 556. However, "[t]he plausibility standard is not akin to a 'probability requirement,' but it
7 asks for more than sheer possibility that a defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

B. <u>Disparate Impact Claims</u>

In their first through third causes of action, Plaintiffs assert a "disparate impact" theory of discrimination based on race, sexual orientation, and gender during the loan modification process, in violation of the FHA, EOCA, and FEHA. FAC at ¶¶ 30-50, Docket No. 50 (Opp.) at 7. In order to bring a disparate impact claim, the plaintiff must allege: "(1) the occurrence of a certain outwardly neutral practices, and (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices." *Gamble v. City of Escondido*, 104 F.3d 300, 306 (9th Cir. 1996).

The Court dismisses these claims. Plaintiffs have failed to identify any "outwardly neutral policy" which has a disparate impact. *Compare with Merritt v. Countrywide Financial Corp.*, Case No. 09-cv-1179-BLF, 2015 U.S. Dist. LEXIS 125284, at *61 (N.D. Cal. Sept. 17, 2015) (dismissing claim for failure to identify a specific policy that was causally linked to the alleged disparate); *Canatella v. Castro*, Case No. 13-cv-5937-HSG, 2015 U.S. Dist. LEXIS 136515, at *13-14 (N.D. Cal. Oct. 6, 2015) (dismissing disparate impact claim where the plaintiff "makes no effort to allege facts sufficient to show that RMS had a policy or practice that has a significant disparate impact based on marriage status or gender); *Vega v. Am. Home Mortg. Servicing, Inc.*, No. CV-10-02087-PHX-NVW, 2011 U.S. Dist. LEXIS 65841, at *6-7 (D. Ariz. June 20, 2011) (same). Instead, they only make general statements such as: (1) "On information and belief, the loan modification approval rates for heterosexual and white, non-Hispanic couples are higher than those of same-sex couples and couples of Hispanic and Latin American descent," and (2) "On Information and belief, the home mortgage refinancing rates for the lesbian, gay, bisexual and

4

1  transgender ('LGBT') community are consistently not as favorable as those for people who
2  identify as heterosexual, especially for LGBT couples, as opposed to heterosexual couples." FAC
3  at ¶¶ 23-24.
4       Plaintiffs have failed to allege any specific facts supporting these conclusory assertions of
5  disparate impact. When pressed on what "information and belief" underlay the disparate impact
6  theory, Plaintiffs' counsel was unable to provide *any* specific information. Without any facts,
7  Plaintiffs have failed to allege a plausible case of disparate impact. Nor have they identified a
8  specific practice or policy that is outwardly neutral but effects a disparate impact.
9       Finally, Plaintiffs also fail to provide any specific facts about *which* Defendants have such
10 policies; the only Defendant-specific statement made is that *Countrywide Home Loans* has
11 policies, procedures, protocol, and practices with a disparate impact on loan applicants, *see* FAC at
12 ¶ 22; however, Countrywide Home Loans is no longer a defendant in this case, as Plaintiffs
13 voluntarily dismissed them from the case on June 7, 2016. Docket No. 40. Based on the
14 Complaint, there is no information on what Nationstar's or Wells Fargo's role in the loan
15 modification process even was.

### C.    California Unruh Civil Rights Act Claim

The Court will dismiss Plaintiffs' California's Unruh Civil Rights Act claim. The Unruh Civil Rights Act states that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civil Code § 51(b).

     Again, dismissal is warranted because Plaintiffs cite no specific facts substantiating the conclusory claim of discrimination. Plaintiffs do not cite a identify specific incident or *any* incidents, but only make generalized statements that they believe Defendants discriminated against them because of their sexual orientation, gender, and race, without offering any reasons for this belief. FAC at ¶ 17. Nor do they allege, *e.g.*, differential treatment recorded of Defendants

compared to other similarly situated persons of different race, gender and sexual orientation. Such conclusory statements are insufficient to satisfy federal pleading standards. *Compare with Horisons Unlimited v. Santa-Cruz-Monterey-Merced Managed Medical Care Comm'n*, 1:14-CV-123-LJO-MJS, 2014 U.S. Dist. LEXIS 93330, at *49 (E.D. July 2, 2014) (dismissing Unruh Civil Rights Act claim where the plaintiff "fail[ed] to allege facts to show that [the defendant] intentionally discriminated against [the plaintiff] on the basis of religion, race, or national origin," as the plaintiff only made a "summarily conclusive assertion that [the defendant] unlawfully discriminated against [the plaintiff]").

D.  California Homeowner Bill of Rights (HBOR)

The Court also dismisses Plaintiffs' HBOR claim. Under California's HBOR, "upon request from a borrower who requests a foreclosure prevention alternative, the mortgage servicer shall promptly establish a single point of contact and provide to the borrower one or more direct means of communication with the single point of contact." Cal. Civ. Code § 2923.7(a).

Assuming Plaintiffs have sufficiently pled that they were not assigned a single point of contact,[3] "[v]iolations of HBOR are actionable only if they are 'material.'" *Asturias v. Nationstar Mort., LLC*, 15-cv-3861-RS, 2016 U.S. Dist. LEXIS 54366, at *15 (N.D. Cal. Apr. 22, 2016); *see also Foote v. Wells Fargo Bank, N.A.*, Case No. 15-cv-4465-EMC, 2016 U.S. Dist. LEXIS 65019, at *9 (N.D. Cal. May 16, 2016) (explaining that HBOR allows a borrower to recover economic damages or to injunctive relief, but that "both forms of relief are available only where there has been a *material* violation of the statute"). In order to obtain relief, Plaintiffs must plead a material violation of section 2923.7 because section 2924.12 only provides for relief in the event of a material violation of section 2923.7. Here, Plaintiffs have failed to sufficiently allege a material violation because Plaintiffs provide no information regarding how the plaintiffs' alleged harms were caused by the failure to provide a single point of contact. *See Asturias*, 2016 U.S. Dist. LEXIS 54366, at *15. Thus, the Court will dismiss Plaintiffs' HBOR claim.

---

[3] Plaintiffs have alleged no facts against Wells Fargo regarding a failure to assign a single point of contact, as their allegations are limited to Nationstar's assignment of a single point of contact. See FAC at ¶¶ 19-20 (concerning Nationstar's assignment of Gi-Hahn El-Bourini).

6

E.   Unfair Competition Law (UCL)

Finally, the Court dismisses Plaintiffs' UCL claim. To the extent the UCL claim is based on an unlawful business practice, Plaintiffs have failed to adequately plead a violation, as discussed above. Further, Plaintiffs have failed to plead an unfair business practice of discrimination because Plaintiffs have not pled any specific facts regarding discrimination.

## IV.   CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss all of the claims. However, because this is the first motion to dismiss to be heard by the Court, the Court -- with reluctance -- dismisses the complaint without prejudice. Plaintiffs will have thirty (30) days from the date of this order to file an amended complaint, which must include sufficient and specific factual allegations in support of their claims. In so alleging, Plaintiffs' counsel is firmly reminded of their Rule 11 obligations.[4]

This order disposes of Docket No. 46.

**IT IS SO ORDERED**.

Dated: July 29, 2016

_____
EDWARD M. CHEN
United States District Judge

---

[4] This is particularly so when Plaintiffs have engaged in a long series of litigation, including the filing of at least nine other cases (not including the instant case and the state-filed complaint that has been consolidated with this case). *See* Mot. at 2. Plaintiffs' behavior in the instant case is also highly questionable, removing facts specific to discrimination and dismissing all of the other defendants (likely because their claims were barred by res judicata due to a prior settlement on similar claims), including Countrywide Home Loans, the one defendant Plaintiffs claim "in particular discriminated against them on the basis of their being Latinas." FAC at ¶ 22. Finally, Plaintiffs' counsel openly admitted during the hearing on this motion that he had no facts to support their "information and belief" that there are discriminatory practices.